**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

BRYAN WAYNE SPARKS,

        Petitioner,

vs.                                          Case no. 3:06-cv-555-J-32MCR
                                                              3:02-cr-249-J-32MCR

UNITED STATES OF AMERICA,

        Respondent.

_____

## **ORDER**[1]

This case is before the Court on Bryan Wayne Sparks' pro se Petition to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255. (Doc. 1; Crim Doc. 184.)[2] The government filed a response (Doc. 7); Sparks filed a reply (Doc. 8). Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the instant petition.

**I. BACKGROUND**

On December 4, 2002, a grand jury returned an Indictment charging Sparks

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[2] Citations to Sparks' criminal case file, 3:02-cr-249-32MCR, are denoted as "Crim. Doc. ____." Citations to Sparks' civil § 2255 case file, 3:06-cv-555-32MCR, are denoted as "Doc. ____."

with: 1) conspiracy to distribute 500 grams or more of cocaine and 50 grams or more of cocaine base in violation of 21 U.S.C. § 846 (Count One); 2) distribution of 5 or more grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) (Count Two); and 3) distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count Three).  (Crim. Doc. 1).  On December 5, 2003, a jury convicted Sparks of Counts One and Three. (Crim. Doc. 138). Sparks was acquitted of Count Two.  (Crim. Doc. 138).  On March 30, 2004, Sparks was sentenced to 188 months of imprisonment followed by six years of supervised release. (Crim. Doc. 155).

Sparks' counsel filed a timely notice of appeal, asserting that: 1) evidence was insufficient to prove Sparks guilty of conspiracy; 2) the Court erroneously admitted Fed. R. Evid. 404(b) evidence that was irrelevant and unduly prejudicial; and 3) the Court erred in enhancing Sparks' sentence by two levels based on the firearm found in his vehicle.  (Crim. Doc. 159).  On May 11, 2005, the Eleventh Circuit Court of Appeals affirmed Sparks' conviction and sentence.  (Crim. Doc. 181).

On June 19, 2006, Sparks filed the instant § 2255 petition asserting that: 1) counsel was ineffective for failing to advise him that relevant conduct would affect the Court's sentencing; and 2) his sentence was imposed in violation of his Sixth Amendment rights based on Blakely v. Washington, 542 U.S. 296 (2004), and/or United States v. Booker, 543 U.S. 220 (2005).  (Doc. 1.)

## II. DISCUSSION

### A. Claim One - Ineffective Assistance of Counsel for Failure to Explain the Application of the Sentencing Guidelines.

Petitioner's ineffective assistance of counsel claim fails to meet the standards set forth in Strickland v. Washington, 466 U.S. 668 (1984). To succeed on an ineffective assistance of counsel claim, a defendant must demonstrate: 1) "that counsel's representation fell below an objective standard of reasonableness;" and 2) "that the defendant was prejudiced by the deficiencies in counsel's performance." Strickland, 466 U.S. at 688, 691-92. When assessing whether Petitioner's counsel's performance was objectively reasonable, there is a "strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. "The case law does not clearly define how much and what kind of information must be conveyed to a defendant in order to satisfy the performance prong of the Strickland standard." Goudie v. United States, 323 F. Supp. 2d 1320, 1330 (S.D. Fla. 2004). To show prejudice based on counsel's failure to adequately explain the consequences of proceeding to trial, as opposed to entering a guilty plea, Petitioner must demonstrate "that there is a reasonable probability that, but for his counsel's errors, he would . . . have pleaded guilty and would [not] have insisted on going to trial." Coulter v. Herring, 60 F.3d 1499, 1504 (11th Cir. 1995) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

In his § 2255 petition, Petitioner makes a series of arguments that purport to

show that he was deprived of the effective assistance of counsel.  Petitioner argues that counsel failed to explain the relevant conduct provisions of the sentencing guidelines and how uncharged drug quantities could (and did) increase his sentence. (Doc. 2.)  He provides a sworn affidavit stating that, had his counsel adequately explained the effect of the uncharged drug quantity on his sentence, he would not have proceeded to trial.  (Doc. 2 at A.)  Petitioner further asserts that counsel failed to fully apprise him of the potential application of the acceptance of responsibility guidelines, U.S.S.G. § 3E1.1, on his sentence if had pleaded guilty.  (Doc. 8 at 5.)

Petitioner now asserts that if he were advised of these facts and the potential sentence he faced at the time, he would have pleaded guilty.  However, the Eleventh Circuit has held that "after the fact testimony concerning [a] desire to plead, without more, is insufficient to establish that but for counsel's alleged advice or inaction, he would have accepted the plea offer." Diaz v. United States, 930 F.2d 832, 835 (11th Cir. 1991).  Petitioner has submitted nothing in support of this assertion except for his own self-serving affidavit.  Indeed, the record directly contradicts an implication that Petitioner would have entertained a guilty plea or that he did not comprehend the potential consequences a trial held.

Specifically, there is evidence that Petitioner's attorney advised him to resolve the case without going to trial. Defense counsel J. Craig Williams' Motion to Withdraw states that the basis for his motion was irreconcilable differences with the client as to

4

whether to proceed to trial versus resolving the case. (Crim. Doc. 68 ¶ 1). The motion also states, "Counsel for the Defendant has made repeated efforts through the securing of discovery and investigation to present the Defendant with as much information as possible to make an informed decision." (Crim. Doc. 68 ¶ 2.) Additionally, at the hearing on counsel's motion to withdraw, counsel made the following statement:

> We feel that based upon the potential exposure that Mr. Sparks has, which, according to our calculations, would be at least a level 32 to potentially a level 38, versus the fact that he would have been eligible for safety valve, that he would have been eligible for other concessions, that he would have been in a posture where he could have ultimately had a resolution, a sentencing resolution, that would have been potentially, all circumstances considered, most favorable to him. And we have repeatedly attempted to advance that particular course of action as being in his best interest.
>
> We have explored all of the alternatives that would indicate that he could proceed successfully to trial and establish either his innocence or that the jury would find him to be not guilty. We have attempted to communicate on a number of occasions with his family and friends.
>
> Your Honor, a lot of that has been unsuccessful, as far as the timing, as far as when they would indicate they would be available to produce certain information or to assist us in evaluating the tapes and the interpretation of the tapes.
>
> Ultimately, we've reached the status where in our communications with Mr. Sparks he has a different view, and I certainly respect that, of the way in which the case should proceed from that of Ms. Thibodeau and myself.
>
> Essentially, Your Honor, we would be in a position where there would be certain arguments that we would not be a position to advocate or to advance.

> And I ultimately see, were we to remain on the case, that this would be the subject in the future of a 2255 and/or other action, that this would be litigation that would be nonending.
>
> Perhaps successor counsel would be in a position to answer Mr. Sparks' questions to give a different approach to the resolution of the case. And ultimately Mr. Sparks will make the decision that would be in his best interest and his family's best interest.

(Crim. Doc. 189 at 3-4.)

Taken as a whole, this shows that defense counsel adequately explained the effects of the sentencing guidelines and the risks of proceeding to trial versus admitting guilt (specifically including the risk of being sentenced pursuant to a guidelines offense level of 36).[3] Therefore, the Court finds that counsel's performance was not deficient and Petitioner's claim of ineffective assistance of counsel is denied.

### B. Claim Two - Booker/Blakely Retroactivity.

Assuming Petitioner's remaining claim is not procedurally barred, it nevertheless fails on the merits. Petitioner contends that the enhancement of his sentence by two levels due to the gun found in his vehicle, U.S.S.G. § 2D1.1(b)(1), violates his Sixth Amendment rights. To the extent that he asserts his counsel was ineffective for failing to lodge a Blakely/Booker objection at sentencing, the law "cannot and does not include a requirement to make arguments based on predictions of how the law may

---

[3] The better course of action for the government in this case would have been to get affidavits from Petitioner's former attorneys, stating exactly what advice and counsel Petitioner received. However, the record in this case provides enough evidence that Petitioner's counsel explained the guidelines to him that an evidentiary hearing is not required.

6

develop." Spaziano v. Singletary, 36 F.3d 1028, 1039 (11th Cir. 1994). Petitioner's counsel was not expected to foresee the Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296 (2004), and/or United States v. Booker, 543 U.S. 220 (2005). Petitioner was sentenced one month before the Blakely decision and ten months prior to the Booker decision. Therefore, Petitioner's counsel was not ineffective for failing to object on Blakely/Booker grounds.

Further, inasmuch as Petitioner asserts that his Sixth Amendment rights were violated because there was no jury finding as to the presence of the gun, this issue was already decided by the Eleventh Circuit on direct appeal. (Doc. 7-4, Eleventh Circuit Opinion). Once a claim has been raised and adversely decided on direct appeal, it cannot be re-litigated in a collateral attack under § 2255. United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000).

After review, the Court is satisfied that Petitioner received effective assistance of counsel from both predecessor and successor counsel. He was effectively represented at the pretrial, trial and sentencing phases – indeed at trial Petitioner was acquitted on one count and at sentencing counsel successfully argued for guidelines adjustments which resulted in a substantial reduction in the applicable guidelines range.

Any argument not specifically addressed is without merit.

Accordingly, it is hereby **ORDERED**:

1. Petitioner Brian Wayne Sparks Motion for Leave to File Memorandum of Law in Excess of 25 pages (Doc. 2) is **GRANTED** to the extent that the Court has considered Petitioner's 36 page memorandum as filed.

2. Petitioner's Motion to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**. The Clerk shall enter judgment in favor of the United States and against Brian Wayne Sparks, and close the file.

3. Petitioner's Motion for Summary Judgment (Doc. 9) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 12th day of May, 2008.

_____
TIMOTHY J. CORRIGAN
United States District Judge

jcd.
Copies:
counsel of record
pro se party